IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MATRYNE DEWITT VAIL                                                                                          PLAINTIFF

v.                                              3:18cv00207-DPM-JJV

MIKE ALLEN, Sheriff,
Crittenden County; and
RON COLEMAN, Jail Administrator,
Crittenden County Detention Facility                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Matryne Dewitt Vail ("Plaintiff") is a pretrial detainee in the Crittenden County Detention Facility ("CCDF"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. No. 1.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failing to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v.*

2

*Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S COMPLAINT

Plaintiff, who is paralyzed and confined to a wheelchair, alleges: (1) unnamed nurses at the CCDF failed to provide him with constitutionally adequate medical care for pressure sores; (2)

the CCDF facilities are dirty, contain black mold in the showers and air vents, and are infested with mice; and (3) he was not protected from an "altercation" with another detainee. (Doc. No. 1 at 11.) Monetary damages are the only relief Plaintiff seeks. (*Id.* at 11-12.) The Complaint fails to state a viable claim upon which relief may be granted for several reasons.

First, the only named Defendants are Sheriff Mike Allen and Jail Administrator Ron Coleman. Because there is no vicarious liability in § 1983 actions, Defendants Allen and Coleman cannot be held liable for constitutional violations committed by their subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not provided any facts suggesting Sheriff Allen or Jail Administrator Coleman were personally involved in his medical care.

Second, to plead a viable conditions of confinement claim, a pretrial detainee must allege facts suggesting that: (1) objectively, he endured conditions that constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants knew of but were deliberately indifferent to that substantial risk of harm. *Davis v. Oregon Cty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010). As to his unsanitary conditions claim, Plaintiff has not explained how long he was exposed to these conditions, how the conditions create a substantial risk of serious harm to his health or safety, whether he was provided cleaning supplies, how he was harmed, or how Defendants Allen and Coleman were deliberately indifferent to the allegedly unsanitary conditions. Similarly, as to his failure to protect claim, Plaintiff has not clarified whether the

"altercation" was physical (or merely verbal), if he was injured during the altercation, or how Defendants Allen and Coleman were deliberately indifferent to his need for protection.

On November 13, 2018, I entered an Order explaining to Plaintiff that his Complaint failed to state a viable claim for relief and giving him thirty (30) days to file an Amended Complaint curing his pleading deficiencies. (Doc. No. 5.) That Order was returned undeliverable because Plaintiff is no longer in the Crittenden County Detention Facility, and he has failed to update his mailing address as required by Local Rule 5.5(c)(2). (Doc. No. 6.) The time for Plaintiff to file an Amended Complaint containing a viable claim for relief has expired.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike," for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 14th day of December 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."